The decision below is signed as a decision of the court.

Signed: January 27, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
ALISOUN HAYES HUGHES,              )    Case No. 08-00826
                                   )    (Chapter 7)
          Debtor.                  )
                                   )    Not for Publication in
                                   )    West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER DENYING THE DEBTOR'S
REQUEST FOR A TEMPORARY WAIVER OF THE PREPETITION
<u>CREDIT COUNSELING REQUIREMENT OF 11 U.S.C. § 109(h)</u>

The court entered an order directing the debtor to supplement her request for a temporary waiver of the credit counseling requirement and reserving a determination regarding the exigent circumstance alleged by the debtor (Docket Entry ("DE") No. 20) because she failed to certify that she requested credit counseling services from an approved credit counseling agency before she filed her petition, but was unable to obtain the necessary services within five days of that request, as required by 11 U.S.C. § 109(h)(3)(A)(ii). The debtor has supplemented her request (DE No. 30), detailing her attempts to obtain the requisite credit counseling prepetition. As explained

below, the court must nonetheless deny her request for a temporary waiver and dismiss her case with prejudice.

Section 109(h) provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within five days of the request, and (iii) the court finds good cause to grant the waiver.

In support of the second requirement for a temporary waiver, the debtor explains that her employer told her on December 15, 2008, that her wages would be garnished beginning on December 26, 2008, unless she submitted a bankruptcy case number by December 16, 2008, giving her only one day to complete the prepetition credit counseling requirement and to file her petition.  She

attempted to obtain credit counseling from two agencies during the afternoon of December 16, 2008. She first attempted to obtain the counseling using the internet, but failed because the agency's website had technical problems. She called that agency, but after being on hold for over eight minutes, she hung up and attempted to obtain telephone counseling from a second agency. She was on hold with the second agency for fifteen minutes and was then told that the counseling session would last 45 minutes to an hour. At this point in time, it was 1:30 p.m. The debtor ascertained that she would not be able to complete the counseling until approximately 2:30 p.m. and placed at risk her being able to file her bankruptcy case on December 16, 2008, which her employer told her she needed to do in order to avoid garnishment of her wages. The debtor therefore abandoned her attempts to obtain the counseling prepetition and filed her petition.[1]

Notwithstanding the debtor's two attempts to obtain the requisite prepetition counseling, the court must deny her request for a temporary waiver and dismiss her case. The statute is clear that the debtor must have found herself unable to obtain

---

[1] The portion of the debtor's explanation that one agency informed her that she would not receive a certificate to submit to the court for another 24 to 48 hours is irrelevant. The debtor could have completed the credit counseling session and certified in Exhibit D, which she filed with her petition, that she received the counseling prepetition but did not have her certificate. She could then file a copy of the certificate within 15 days after her bankruptcy case was filed.

credit counseling within five days of her request.  The debtor could have obtained the counseling from at least one of the agencies if not both on December 16, 2008, the same day that she requested counseling.  Unfortunately, had the debtor completed the counseling, she may very well have been unable to file her case that same day.  Assuming the debtor's imminent wage garnishment would constitute an exigent circumstance, the statute does not permit the court to look to the debtor's exigency to circumscribe the application of the second requirement for a temporary waiver.  Accordingly, it is

    ORDERED that the debtor's request for a temporary waiver of the credit counseling requirement is DENIED.  It is further

    ORDERED that because the debtor was ineligible to be a debtor under the Bankruptcy Code, an order will be entered dismissing the case without prejudice.

                  [Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of the U.S. Trustee